UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CHARTIER,

    Plaintiff,

v.                                                                                 Case No: 8:21-cv-611-CEH-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the court on Plaintiff's Motion for an Award of Attorney's Fees ("Motion") (Dkt. 25). Plaintiff moves the court to award attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons set forth below, the unopposed Motion is granted.

## **BACKGROUND**

On March 17, 2021, Plaintiff filed a Complaint seeking review of the denial of his claim for Social Security benefits by the Commissioner of Social Security. (Dkt. 1.) On February 2, 2022, the court entered an order reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Dkt. 23.) Judgment was entered in Plaintiff's favor the following day. (Dkt. 24.) On April 25, 2022, Plaintiff filed this Motion for

attorneys' fees as the prevailing party in this action. (Dkt. 25.) In the Motion, Plaintiff seeks attorneys' fees for work performed by his attorney, Bill B. Berke. (*Id.* at 3.) The Commissioner does not oppose the relief requested. (*Id.* at 6.)

## APPLICABLE STANDARDS

Following entry of a favorable judgment in a Social Security case, the prevailing party may obtain attorneys' fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A); *Monroe v. Comm'r of Soc. Sec. Admin.*, 569 F. App'x 833, 834 (11th Cir. 2014). The EAJA requires the court to award attorneys' fees to a party who prevails against the United States in litigation unless the court finds that the government's position in the litigation was "substantially justified" or that special circumstances make such an award unjust. 28 U.S.C. § 2412(d); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

A party may recover an award of attorneys' fees under the EAJA if the following prerequisites are met: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed (i.e., filed within thirty days of final judgment in the action); (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) no special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d). A party

who obtains a sentence-four remand in a Social Security case is considered a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). To be "substantially justified" under the EAJA, the government's position must be "justified to a degree that could satisfy a reasonable person," which requires that the government's position have a reasonable basis in both law and fact. *Monroe*, 569 F. App'x at 834 (internal quotation and citation omitted).

## ANALYSIS

Upon consideration of the Motion and the applicable law, the undersigned finds that Plaintiff is entitled to an award of attorneys' fees in this case. First, Plaintiff is the prevailing party in this case after having obtained a sentence-four remand. *Schaefer*, 509 U.S. at 296–97, 302. Second, Plaintiff's Motion, which was filed on April 25, 2022, is timely. This case was remanded upon order of this court on February 2, 2022, and a final judgment was entered the following day. (Dkts. 23, 24.) Under Federal Rule of Appellate Procedure 4(a)(1)(B) and 4(a)(4)(A)(iv), both parties had sixty days to file an appeal. An EAJA request is timely if made within thirty days after the judgment becomes final, if no appeal is taken. 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). Additionally, "[a] premature EAJA request is timely." *Hennessey v. Comm'r of Soc. Sec.*, No. 19-81719-civ, 2021 WL 2646389, at *1 (S.D. Fla. June 28, 2021) (citing *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990)); *Kirkendall v. Comm'r of Soc. Sec.*, No.

3:17-cv-880-J-PDB, 2019 WL 913282, at *1 (M.D. Fla. Feb. 25, 2019). Moreover, the Commissioner does not dispute the timeliness of Plaintiff's Motion.

Third, there is no indication that Plaintiff is excluded from eligibility for an award under the EAJA by any of the exclusions set forth in the Act. Fourth, the Commissioner's position was not substantially justified in this case, and the Commissioner does not dispute this issue. Finally, the undersigned does not find that any special circumstances exist to indicate that an award of attorneys' fees in this case would be unjust.

In the Motion, Plaintiff requests an attorney hourly rate of $217.87 for hours worked on this matter in 2021 and 2022. (Dkt. 25 at 6–8.) The Commissioner does not object to the requested rate. Drawing on the court's expertise, the undersigned finds that the requested rate is the prevailing market rate in the legal community for similar services provided by attorneys of comparable skill, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Additionally, upon consideration of the Bureau of Labor Statistics Consumer Price Index ("CPI"), the undersigned finds that cost of living adjustments justify a fee above the $125 per hour statutory rate. *See Donnelly v. Saul*, No. 8:20-cv-614-CPT, 2021 WL 1737448, at *3 (M.D. Fla. May 3, 2021) (relying on the CPI to find that a deviation from the EAJA statutory rate is justified). Therefore, the undersigned finds that the

requested rate is reasonable and permissible under the EAJA. *See Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (explaining the 2-step analysis for the court to award EAJA fees in excess of the statutory rate).

Plaintiff seeks fees for 30.3 hours of attorney work on this case from 2021 to 2022. (Dkt. 25 at 5–7.) The Commissioner does not oppose the fees requested. The undersigned therefore finds that these hours were reasonably expended on this matter.

Plaintiff further requests that the fee award be paid directly to his attorney. (Dkt. 33-2.) Although EAJA fee awards belong to the party, not the party's attorney, *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), such fees may be paid directly to a plaintiff's attorney in cases in which the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010). In this case, Plaintiff has assigned the EAJA award to his attorney. (Dkt. 25-1.) Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff is not indebted to the federal government; otherwise, the award is payable directly to Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for an Award of Attorney's Fees (Dkt. 25) is **GRANTED**.
2. Plaintiff is awarded attorneys' fees in the amount of $6,601.46 under the EAJA.

3. The fees are payable directly to Plaintiff's counsel if it is determined that Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Tampa, Florida, on April 29, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record